## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ABDUL KARIM BANGURA**
**7532 Eighth Street NW**
**Washington, DC 20012**          *
        **Plaintiff**          *
                      *

    **v.**          *
                      *

**HOWARD UNIVERSITY**          *          **CASE NO.:**
**2400 Sixth Street, NW,**          *
**Washington, 20059**          *
                      *

**and**          *

**FREDERICK WAYNE**          *
**President**          *
**2400 Sixth Street NW Suite 321**          *
**Washington, D.C. 20059**          *

**CLARENCE LEE**          *
**2400 Sixth Street NW Suite 321**          *
**Washington, D.C. 20059**          *

**RICHARD SELTZER**          *
**Dean School of Social Sciences**          *
**2400 Sixth Street NW Suite 321**          *
**Washington, D.C. 20059**          *
                      *
        **Defendants(s)**          *
************************************************

## COMPLAINT AND PRAYER FOR JURY TRIAL

1.     This suit is brought pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C.

2000(e) *et seq*. This is an action for back pay, compensatory and punitive damages, and other

ABDUL KARIM BANGURA v. HOWARD UNIVERSITY ET AL.
LAW OFFICES OF CHIKE IJEABUONWU
6495 New Hampshire Avenue, Hyattsville, MD 20783* 301-270-9170

relief to redress discrimination based on race, color, religion and national origin as well as other common law claims.

2.      The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1343(3) and 1343(4).

3.      The Plaintiff filed a complaint with the Equal Employment Opportunity Commission and a right to sue letter was issued on June 26th, 2015 (A copy of the right to sue letter is attached).

4.      The pendent jurisdiction of this Court is also invoked to redress and protect the plaintiff's common law claims relating to negligent hiring, supervision and retention, and constructive and abusive discharge.

5.      The conduct, acts and omissions that resulted in employment discrimination occurred in the District of Columbia.

## PARTIES

6.      The Plaintiff Abdul Karim Bangura is an adult individual who was born in Sierra Leone.  He migrated to the United States in 1974.  Bangura holds five PhDs in Political Science, Development Economics, Linguistics, Computer Science, and Mathematics. He is the author of more than 60 books and more than 500 scholarly articles. The winner of more than 50 prestigious scholarly and community service awards, among Bangura's recent awards are the 2012 Cecil B. Curry Book Award for his *African Mathematics: From Bones to Computers*, the 2014 Diopian Institute for Scholarly Advancement's Miriam Ma'at Ka Re Award for his article titled "Domesticating Mathematics in the African Mother Tongue" published in the *Journal of*

ABDUL KARIM BANGURA v. HOWARD UNIVERSITY ET AL.
LAW OFFICES OF CHIKE IJEABUONWU
6495 New Hampshire Avenue, Hyattsville, MD 20783* 301-270-9170

*Pan-African Studies*, and the 2015 Special United States Congressional Award for "outstanding and invaluable service to the international community." He is also a member of many scholarly organizations, has served as President and then United Nations Ambassador of the Association of Third World Studies, and is a Special Envoy of the African Union Peace and Security Council. His student evaluations have been exemplary with an "A" average and is among the faculty with the largest number of undergraduate and graduate students published in books, professionally reviewed and other journals and won the best paper and other scholarly awards. He was a faculty member at the Department of Political Science at Howard University from 2007 until May 15, 2015 when he was terminated.

7.     The Defendant, Howard University, is a private institution and employer of defendants, Frederick Wayne, Clarence Lee and Richard Seltzer.  The individual Defendants are males and held the following positions during the relevant period: Frederick Wayne was the President of the University, Clarence Lee was the Dean of the School of Arts and Sciences, and Richard Seltzer was the chair of the Appointment, Promotion and Tenure Committee.

## Statement of Facts

8.   Dr. Bangura started teaching as an adjunct faculty on a continuous basis at Howard University in 1998 in the Political Science Department.

9.   In 2006, he applied for an Associate Professor position, and was interviewed by a search committee set up by the defendant.

10.   The search committee recommended by a majority vote on two occasions that Dr. Bangura should be hired as an Associate Professor.

3

11. In the fall semester of 2007, Dr. Bangura began to teach in a full time capacity in the Political Science Department of Howard University with the understanding that his employment was in the process of being regularized.

12. No further communication was made to Dr. Bangura by the Defendants.  Upon enquiry by Dr. Bangura for clarification on his employment status in April 2008, he was told by Dr. Lorenzo Morris who was the Chair of the Political Science Department at the time that due to a restriction on hiring capacity the position available was for an Assistant Professor.  In his email, Dr. Lorenzo stated:

> "that awkwardness for you of this beginning as a full-time faculty
> member at Howard U should not constrain your mobility through
> the ranks"

13. Dr. Bangura continued to work as a full time faculty member with the understanding that his employment would be regularized based on assurances given to him by Defendant.

14. In the fall semester of 2007, Dr. Holona Ochs, a female, non-African/Black, was offered an Assistant Professor Position.  Dr Ochs and Dr. Bangura had been interviewed by the search committee in 2006 in response to the advertisements for an Associate Professor and an Assistant Professor.  Dr. Bangura was surprised, and again made several enquiries regarding his employment status but was met with evasive responses from the head of the Political Science Department at the time.

15.  Despite several verbal and written enquiries and requests to rectify his employment position, Dr. Bangura received no further communication from the defendant on his

4

employment status.  He continued to teach as a full time faculty.

16. In October 2013, Dr. Bangura again applied for an Assistant Professor position in the Political Science Department but received no response to his application.

17. During a subsequent conversation with Dr. Michael Nwanze, a Black African with roots from Nigeria, and who was a member of the search committee, Dr. Nwanze inquired on why Dr. Bangura did not apply for the position.  Dr. Bangura was surprised and told Dr Nwanze that he did apply and that he had a copy of the application letter he submitted with his package.  Dr. Nwanze informed Dr. Bangura that he did not see Dr. Bangura's application in the applicants list considered by the search committee.

18. Dr. Bangura was shocked about the information from Dr. Nwanze.  He suspected that Dr. Richard Seltzer, a non-African/Black professor who was the Chair of the Appointment, Promotion and Tenure (APT) committee in the Department of Political Science search committee, and who has consistently made many negative statements about Dr. Bangura and Black students, removed his application from the pool.

19.  Dr. Bangura approached Dr. Seltzer to find out what happened to his application and he was informed by Dr. Seltzer that the President of Howard University, Dr. Wayne Frederick, and the Dean of the College of Arts and Sciences at the time, Dr. Segun Gbadegesin, had said he could no longer continue as a faculty member because he had exhausted his seven-year full time teaching privileges.

20. Dr. Bangura responded by sending a letter dated May 13, 2014 to the President requesting that he intervene in this great injustice that had been done to him.

ABDUL KARIM BANGURA v. HOWARD UNIVERSITY ET AL.
LAW OFFICES OF CHIKE IJEABUONWU
6495 New Hampshire Avenue, Hyattsville, MD 20783* 301-270-9170

21.   In response to Dr. Bangura's letter to the President of Howard University, Dr. Gbadegesin responded on May 22, 2014 and informed Dr. Bangura that his full-time temporary lecturer position took effect from August 2007 and that May 15, 2014 was the expiration of his temporary lecturer position. He added that since no notice was given in advance of the termination in accordance with the provisions of the Howard University Handbook, that he would be extended until May 15, 2015, after which his appointment would not be renewed.

22.   Dr. Bangura was disappointed at the turn of events.  He, however, applied again in February 2015 for the advertised position of an Assistant Professor in the Department of Political Science.

23. His application was never presented to the search committee and he was not informed until one of the committee members inquired about why he had not applied.

24. Sometime in May 2014, Dr. Bangura received a letter informing him that his tenure as a lecturer had expired and that he would be extended for an additional year because the University had failed to give him the notice required in accordance with the provisions of the University Faculty Handbook.

25. Dr. Bangura was upset.  The provisions of section 2.4.2.8 of the faculty handbook clearly states that:

> "The rank of lecturer is used for persons who do not possess the normally expected scholarly credentials but, nevertheless provide valuable Instructional services"

ABDUL KARIM BANGURA v. HOWARD UNIVERSITY ET AL.
LAW OFFICES OF CHIKE IJEABUONWU
6495 New Hampshire Avenue, Hyattsville, MD 20783* 301-270-9170

At no time did Dr. Bangura apply for the position of a lecturer. With three doctorate degrees at that time, numerous prestigious publications, and exemplary student evaluations and community service record, Dr. Bangura believed that he had more than enough scholarly credentials to be employed as an Assistant or Associate professor.  He had applied for an Associate Professor position and was waiting for that position to be rectified.

26.  In February 2015, Dr. Bangura again applied in good faith for an advertised position as an Assistant Professor, with the hope that the injustice done to him could still be rectified. He received no response from the defendant and it was not until one of the members of the search committee, Dr. Ben Fred-Mensah, raised questions about why Dr. Bangura's application was not presented to the committee, did Dr. Bangura get to know that his application had again been removed from the applicants list to be reviewed by the search committee.

27. The chairman of the search committee, Dr. Michael Fauntroy, informed Dr. Fred-Mensah that the Dean of the College of Arts and Sciences, Dr. Clarence Lee, had stated that non-tenured faculty members who are completing their seventh year were not eligible to apply for tenure track positions. Dr. Bangura was surprised, because there was no provision in the University Faculty Handbook at the time the statement was made supporting the statement. This statement by Dr. Clarence Lee was made after Dr. Bangura had submitted his application and his application had been removed from the list of applicants.  It was therefore not the basis for the removal of the application as the clarification by the Dean was conveyed to the committee sometime in March, 2015.  More so, there has been other faculty who were

ABDUL KARIM BANGURA v. HOWARD UNIVERSITY ET AL.
LAW OFFICES OF CHIKE IJEABUONWU
6495 New Hampshire Avenue, Hyattsville, MD 20783* 301-270-9170

employed for over seven years as lecturers and who were reemployed by the university.

28. Several students and alumni have written to the president to find out why Dr. Bangura who has been with the University for so long and whose achievements include his undergraduate and graduate students winning many national research and other awards was treated so shabbily.

29. In April 2015, Dr. Bangura filed a complaint with the EEOC and the EEOC stated that it was unable to conclude if there was a violation of the statute and granted Dr. Bangura the right to sue.

30. Dr. Bangura has brought this course of action because the University administration through its officers has continued to use various unjustifiable pretexts to exclude Dr. Bangura from being considered for tenure track positions.  The reasons that the University has adduced for not rectifying these employment anomalies are so fraught with contradictions that they are not credible, and are a pretext for discrimination against Dr. Bangura based on his race, color, religion and national origin.

31.  The University also failed to abide by the provisions of the handbook and provide in writing a job title for Dr. Bangura.  His termination was therefore wrongful and not in accordance with the provisions of the University Handbook.   The Defendants treated Dr. Bangura's employment with such negligence that their actions have caused Dr. Bangura severe emotional stress and humiliation.

ABDUL KARIM BANGURA v. HOWARD UNIVERSITY ET AL.
LAW OFFICES OF CHIKE IJEABUONWU
6495 New Hampshire Avenue, Hyattsville, MD 20783* 301-270-9170

## COUNT 1

## EMPLOYMENT DISCSRIMINATION BASED ON RACE AND NATIONAL ORIGIN

Plaintiff, Abdul Karim Bangura, sues Defendants for employment discrimination based on race, color, religion and national origin in violation of Title VII of the 1964 Civil Rights Act.

32.   Plaintiff adopts and incorporates paragraphs one through thirty-one herein

33.   The Defendants discriminated against the Plaintiff because of his race, color, religion and national origin.  Defendant refused to rectify Plaintiff's employment status between 2007 and 2015 despite his qualification for the jobs and regularized other less qualified non-Africans to fill up the positions.

34.   The acts of the Defendants were intentional and malicious and the Plaintiff suffered economic loss and humiliation thus entitling him to compensatory and punitive damages.


## COUNT II

## WRONGFUL DISCHARGE

35.   Plaintiff adopts and incorporates paragraphs one through thirty-four herein.

36.   The acts of the Defendant in terminating Plaintiff's employment constituted abusive and wrongful discharge because Plaintiff's termination was based on a wrong interpretation of the handbook and Plaintiff's employment status.

37.   The acts of the Defendants were deliberate, intentional, malicious, and willful, and calculated to inflict harm upon Plaintiff and damage his reputation.

45.   As a result of Plaintiff's wrongful termination he has been left without employment,

ABDUL KARIM BANGURA v. HOWARD UNIVERSITY ET AL.
LAW OFFICES OF CHIKE IJEABUONWU
6495 New Hampshire Avenue, Hyattsville, MD 20783* 301-270-9170

deprived of income and other fringe benefits, and otherwise has been damaged.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff sues the Defendant, Howard University, for intentional infliction of emotional distress on the theory of vicarious liability; for that:

47.     Plaintiff adopts and incorporates paragraphs 1 through 46 herein.

48.     The conducts of the Defendant's agents were intentional and occurred in the course and within the scope of their employment.

49.     As a result of the actions of Defendants, Plaintiff suffered emotionally.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court to grant him the following relief:

1.      Compensatory in the amount of $5,000,000.00

2.      Punitive damages in the amount of $5,000,000.00

3.      Back pay, front pay and fringe benefits.

4.      Such other and further relief as the Court deems necessary.


## JURY DEMAND


Respectfully submitted,

LAW OFFICES of CHIKE IJEABUONWU

By:

ABDUL KARIM BANGURA v. HOWARD UNIVERSITY ET AL.
LAW OFFICES OF CHIKE IJEABUONWU
6495 New Hampshire Avenue, Hyattsville, MD 20783* 301-270-9170

10

Chike Ijeabuonwu, Esquire, Bar #461434

6495 New Hampshire Avenue #240

Hyattsville, MD 20783

Phone: (202) 489-8123

Email: attentivattorney@gmail.com

PLAINTIFF'S COUNSEL

Hilda U. Dunkwu, Esquire, Bar #993251

6495 New Hampshire Avenue #240

Hyattsville, MD 20783

Phone: (301) 270-9170

Email: hdunkwu@gmail.com

11

ABDUL KARIM BANGURA v. HOWARD UNIVERSITY ET AL.
LAW OFFICES OF CHIKE IJEABUONWU
6495 New Hampshire Avenue, Hyattsville, MD 20783* 301-270-9170

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Abdul K. Bangura<br>7532 8th Street Nw<br>Washington, DC 20012 | From: | Washington Field Office<br>131 M Street, N.E.<br>Suite 4NW02F<br>Washington, DC 20507 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2015-01061 | Alan W. Anderson,<br>Enforcement Supervisor | (202) 419-0756 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

FOR _____

**Mindy E. Weinstein,**
**Acting Director**

JUN 2 6 2015

*(Date Mailed)*

Enclosures(s)

cc:   **Howard University c/o**
**Adonna Bannister Green, General Counsel**
**2400 6th Street Nw, Suite 321**
**Washington, DC 20059**

**Hilda Dunkwu, Esq.**
**LAW OFFICES OF HILDA DUNKWU**
**2100 M Street, N.W.**
**Suite 170 #304**
**Washington, DC 20037**